LAWRENCE J. CALLANAN et al., Respondents, *v.* GEORGE F. GILMAN, Appellant.

A tradesman may convey goods from a street to his adjoining store, and from the store to the street, and for that purpose may temporarily obstruct passage on the sidewalk.   But such an obstruction must not only be necessary, with reference to the business of the tradesman, it must be reasonable with reference to the rights of the public.

Defendant, a wholesale and retail grocer, having a store on a street in the city of New York, was in the habit of taking goods to and from his store by means of trucks.   When loading or unloading a bridge was placed across the sidewalk, entirely obstructing it; and elevated above it at the inner end about twelve inches, at the outer about twenty.   Persons passing when the bridge was in place were obliged to step upon the stoop of defend-

ant's store and go around the end of the bridge which rested thereon. The bridge was usually removed when not in use, but it was sometimes left in position for ten or fifteen minutes, and when in use it sometimes remained in position from one to two hours, and, on an average the sidewalk was thus obstructed from four to five hours of each business day between 9 A. M., and 5 P. M. *Held,* that such an extensive and continuous use of the sidewalk was not reasonable, and constituted a nuisance.

In an action to restrain the continuance of the nuisance, the complaint set forth the facts above stated, and also alleged, in substance, that plaintiffs were engaged in the same business and occupied the store adjoining defendant's ; that a large portion of plaintiffs' customers, in order to reach their store, were obliged to pass in front of defendant's store; that the said obstruction prevented plaintiffs, their employes and patrons, from passing along the sidewalk to and from plaintiffs' store, to the great detriment and injury of plaintiffs and their said business. *Held,* that there were sufficient averments of special damage to warrant proof of such damage, and upon such proof being made, to sustain a judgment granting the relief sought; that if the complaint was not sufficiently definite in its statements as to such damages, defendant should have moved to make it more definite, or for a bill of particulars; and, having taken issue and gone to trial, it was too late to object.

There was proof that some custom was turned from plaintiffs' store on account of the obstruction. *Held,* that this, with the other facts stated, justified a judgment in their favor ; also, that defendant could not justify the unreasonable obstruction by proof that he permitted pedestrians to pass around over his elevated stoop or through his store.

The judgment restrained defendant, his agents, etc., from obstructing the sidewalk in front of his store " by any plank-way or bridge, or other like obstruction elevated above the sidewalk, or from hindering plaintiffs, their employes and customers from the free and unobstructed use of the sidewalk." *Held,* that the judgment was too broad. Ordered, therefore, that it be modified so as to require the defendant to "refrain from unnecessarily and unreasonably obstructing" the sidewalk.

The refusal of a trial judge to find on questions of fact is not fatal to his judgment where the findings asked were not material to the decision of the case, or would not be beneficial to the party asking them.

(Argued October 20, 1887; decided November 29, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 18, 1885, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term. (Reported below, 20 J. & S., 112.)

This action was brought to restrain defendant from obstruct-- ing the sidewalk in front of his store in Vesey street, New York city.

The material facts are stated in the opinion.

*Henry Schmitt* for appellant. The defendant did not. unlawfully obstruct the street. (*People* v. *Cunningham*, 1 Denio, 524, 530.) The obstruction of the highway is lawful when it becomes reasonably necessary for the transaction of business. (*Comm.* v. *Passmore*, 1 S. & R. 219; *People* v. *Cunningham*, 1 Denio, 530; *People* v. *Horton*, 64 N. Y. 610, 613; *Welsh* v. *Wilson*, 101 id. 254, 257.) The plaintiffs failed to establish that defendant was maintaining a public nuisance. (Wood on Nuisances, §§ 259, 261, 746, 750, 753, 801; *Williams* v. *N. Y. C. R. R. Co.*, 18 Barb. 232; *Knox* v. *Mayor, etc.*, 55 id. 404; *Trenor* v. *Jackson*, 46 How. 389; *Ely, Mayor, etc.*, v. *Campbell*, 59 How. Pr. 333; 20 Alb. Law Jour. 183; *Merritt* v. *Fitzgibbons*, 2 N. Y. 30; *Leigh* v. *Westervelt*, 2 Duer, 618; High on Injury [2d. ed.], § 767; *People ex rel.* v. *Kelley*, 76 N. Y. 475; *Hinchman* v. *Pat. Horse R. R. Co.*, 17 N. J. Eq. 77; *B. & S. A. T. Co.* v. *C. & A. R. R. Co.*, 2 Harr. 314; *Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Hatch* v. *V. C. R. R. Co.*, 25 Vt. 67; *Matthews* v. *Kelsey*, 58 Me. 56.) No person can maintain an action for damages from a common nuisance where the injury and damages are common to all. (Wood on Nuisances, §§ 618, 619, 632, 654; 1 Coke's Inst. 56, note *a; Baxter* v. *W. T. Co.*, 22 Vt. 114; *Hutchinson* v. *R. R. Co.*, 28 id. 142; *Iveson* v. *Moore*, 1 Ld. Raym. 486; *Rose* v. *Miles*, 4 M. & S. 101; *Greasly* v. *Codling*, 2 Bing. 263; High on Inj. [2d ed.], § 762; *Pierce* v. *Dart*, 7 Cow. 609; *Doolittle* v. *Sup'rs*, 18 N. Y. 155; *Jutte* v. *Hughes*, 67 id. 271; *Francis* v. *Schoell-kopf*, 53 id. 152; *Knox* v. *Mayor, etc.*, 55 Barb. 404; Bliss' Code, 293, notes *l, m, n, p, r* and *t; Green* v. *N. Y. C. & H. R. R. R. Co.*, 12 Abb. [N. S.] 124; *Hallock* v. *Miller*, 2 Barb. 630; *Tobias* v. *Harland*, 4 Wend. 537; *Havemeyer* v. *Fuller* 60 How. Pr. 322; *Bergmann* v. *Jones*, 94 N. Y. 51; 2 Story's Eq. Jur. § 924, and note; *Heckinstein's Appeal*,

70 Penn. 81, 102.) For a nuisance which affects the whole public the remedy is by indictment or abatement at the suit of the attorney general. (*People* v. *Loehfelm*, 102 N. Y. 1; Wood on Nuisances, § 729; *Renwick* v. *Morris*, 3 Hill, 621; 7 Hill, 575; *Ely* v. *Sup'rs*, 36 N. Y. 297; *Barclay* v. *Comm.* 25 Penn. St. 503; Penal Code, § 387; High on Inj. [2d ed.], § 762.) It will not suffice that the person complaining merely shows a violation of his rights. He must show such a violation as is or will be attended by serious damage. (*Bigelow* v. *Hart. B. Co.*, 14 Conn. 565; Penal Code, §§ 385, 386; *Cowan* v. *Whitesides*, 81 Ind.; 2 Alb. Law Jour. 32.) If a private action could be maintained, it should have been an action of nuisance, not a suit for injunction. (*Remington* v. *Foster*, 42 Wis. 608; Wood on N. §§ 778, 780, 785, 799, 817; *Parker* v. *W. L. C. & W. Co.*, 2 Black 545; *Hamilton* v. *N. Y. & H. R. R. Co.*, 9 Paige Ch. 173; Bliss Code [2d ed.] 543, § 627, notes *n, o, p. q, r, s;* *Child* v. *Douglass*, 5 D. M. & G., 741; Story's Eq. [12th ed.], § 924; High on Inj. [2d ed.], §§ 744, 761, 763; *Higbee* v. *Cam. & A. R. R. Co.*, 20 N. J. 435.) Whether a particular use is an unreasonable use and a nuisance, is a question of fact to be judged of from the circumstances of each case by the jury. (Wood on N. § 251; *Wetmore* v. *Tracy*, 14 Wend. 250; *Comm.* v. *King*, 13 Metc. [Mass.] 115; *Harlow* v. *State*, 1 Ia. 439; Angell on Highways, 206; *Ladie* v. *Arnold*, 1 Salk. 168; *Harrower* v. *Ritson*, 37 Barb. 301; 1 Hawk P. C. 76, §§ 48–60; *James* v. *Hayward*, Cro. Car. 184; *Rogers* v. *Rogers*, 14 Wend. 131; Code Civil Pro. § 968; *Hudson* v. *Caryl*, 44 N. Y. 553; *Powell* v. *Foster*, 59 Ga. 790.) In the absence of evidence, that at such times as the skid was in position, it was unreasonably used, such use of the skid does not constitute such kind of special damage which plaintiffs must prove to sustain the action, nor does it entitle plaintiffs to the injunction granted herein. (*Welsh* v. *Wilson*, 101 N. Y. 257; *Baxter* v. *Turnp. Co.*, 22 Vt. 114.) The court erred in allowing proof of special damages when it was not alleged in complaint. (*Maloney* v. *Dows* 15 How. Pr. 261, 265; *Squier* v.

*Gould*, 14 Wend. 159; *Havemeyer* v. *Fuller*, 60 How. Pr. 316, 319, 322; *Low* v. *Archer*, 12 N. Y. 282; *Solms* v. *Lias*, 16 Abb. Pr. 311; *Baldwin* v. *N. Y. & H. N. Co.*, 4 Daly, 314; *Parsons* v. *Sutton*, 66 N. Y. 96; Wood on N. [2d ed.] 1007.) A temporary obstruction of the travel on the streets for business purposes is lawful. (*Welsh* v. *Wilson*, 101 N. Y. 254.)

*John E. Parsons* and *Edwin M. Wight* for respondents. Every unreasonable obstruction of the public streets is a nuisance in law, and although there are certain circumstances which may mitigate or even excuse the obstruction, unless such circumstances shall be clearly shown to exist, the obstruction is a nuisance in law. (Wood on Nuis. 250–252, 259; *Comm.* v. *Passmore*, 1 S. & R. 219; *Rex* v. *Russell*, 6 East, 426; *Rex* v. *Jones*, 3 Camp. 430; *Hart* v. *Mayor, etc.*, 9 Wend. 571; *People* v. *Cunningham*, 1 Denio, 524; *Knox* v. *Mayor, etc.*, 55 Barb. 405; 38 How. Pr. 67; *Doellner* v. *Tynan*, id. 176; *People* v. *Kerr*, 27 N. Y. 188; *Moore* v. *Jackson*, 2 Abb. [N. C.] 211; *Greene* v. *N. Y. C. & H. R. R. R. Co.*, 12 id. 124; *Tuttle* v. *Brush*, 50 Super. Ct. 464; *Bliss* v. *Johnson*, 94 N. Y. 235; *Hallock* v. *Baranski*, Daily Reg., Aug. 9, 1884; *Tiffany* v. *U. S. Illum. Co.*, id; *Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Clifford* v. *Dam*, 81 id. 56; *Bently* v. *Mayor, etc.*, 18 Abb. [N. C.] 123; *Elias* v. *Sutherland*, id. 126.) This being an action in equity in which no damages are sought, it was only necessary for plaintiffs to show that some injury was suffered by them which was not common to the general public; and it was not necessary to show the amount of such injury, as the action did not depend upon the amount. It was only necessary to show that the plaintiffs suffered material injury peculiar to themselves. (Wood on Nuis., §§ 777, 780. *Corning* v. *Troy I. & N. Factory*, 100 N. Y. 191, 205; *Jacques* v. *Nat. Exhib. Co.*, 15 Abb. [N. C.] 250; *People ex rel.* v. *Mayor, etc.*, 18 id. 123; *Elias* v. *Sutherland*, id. 126; *People ex rel. Mullin* v. *Porter, Com'r, etc.*, Daily Reg., April 15, 1887; *People ex*

*rel. Hearn* v. *Squire*, id. March 12, 1885; *Ely* v. *Campbell*,. 59 How. Pr. 333; *O'Reilley* v. *Mayor, etc.*, 3 Bosw. 484; *Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Benjamin* v. *Storr*, L. R., 9 C. P. 400; *Doellner* v. *Tynan*, 38 How. Pr. 176.)

EARL, J. The primary purpose of streets is use by the public for travel and transportation, and the general rule is. that any obstruction of a street or encroachment thereon which interferes with such use is a public nuisance. But there are exceptions to the general rule born of necessity and justi-- fied by public convenience. An abutting owner engaged in building may temporarily encroach upon the street by the. deposit of building materials. A tradesman may convey goods in the street to or from his adjoining store. A coach or omnibus may stop in the street to take up or set down passengers, and the use of a street for public travel may be temporarily interfered with in a variety of other ways with-- out the creation of what in the law is deemed to be a nuisance. But all such interruptions and obstructions of streets must be. justified by necessity. It is not sufficient, however, that the obstructions are necessary with reference to the business of' him who erects and maintains them. They must also be. reasonable with reference to the rights of the public who have interests in the streets which may not be sacrificed or disre- garded. Whether an obstruction in the street is necessary and reasonable must generally be a question of fact to be. determined upon the evidence relating thereto. A reference to a few cases will show what courts have said upon this subject.

In *Rex* v. *Russell* (6 East 420) where the defendant, a. wagoner, was indicted for occupying one side of a public street before his warehouse for loading and unloading his wagons, the court said "that it should be fully understood that the defendant could not legally carry on any part of his. business in the public street to the annoyance of the public; that the primary object of the street was for the free passage of the public, and anything which impeded that free pass-- age without necessity was a nuisance; that if the nature.

of the defendant's business were such as to require the loading and unloading of many more of his wagons than could conveniently be contained within his own private premises, he must either enlarge his premises or remove his business to some more convenient spot." In *Rex* v. *Cross* (3 Camp. 224), the defendant was indicted for allowing his coaches to remain an unreasonable time in a public street, and the court said: "Every unauthorized obstruction of a highway to the annoyance of the king's subjects is a nuisance. The king's highway is not to be used as a stable yard   *   *   * A stage coach may set down or take up passengers in the street, this being necessary for public convenience; but it must be done in a reasonable time, and private premises must be provided for the coach to stand while waiting between one journey and the commencement of another." In *Rex* v. *Jones* (3 Camp. 230), the defendant, a lumber merchant in London, was indicted for the obstruction of a part of a street in the hewing and sawing of logs, and the court said: "If an unreasonable time is occupied in delivering beer from a brewer's dray into the cellar of a publican, this is certainly a nuisance. A cart or wagon may be unloaded at a gateway, but this must be done with promptness. So as to the repairing of a house, the public must submit to the inconvenience occasioned necessarily in repairing the house; but if this inconvenience should be prolonged for an unreasonable time, the public have a right to complain, and the party may be indicted for a nuisance. The rule of law upon this subject is much neglected, and great advantages would arise from a strict, steady application of it. I cannot bring myself to doubt the guilt of this defendant. He is not to eke out the inconvenience of his own premises by taking in the public highway with his lumber yard, and if the street be too narrow he must move to a more convenient place for carrying on his business." In *Commonwealth* v. *Passmore* (1 S. & R. 217), the defendant, an auctioneer, was indicted for a nuisance in placing goods on the foot-way and carriage-way of one of the public streets of the city and suffering them to remain for the purpose of being sold there, so as to render the

passage less convenient, although not entirely to obstruct it, and the court said : "It is true necessity justifies actions which would otherwise be nuisances. It is true, also, that this necessity need not be absolute; it is enough if it be reasonable. No man has a right to throw wood or stones into the street at his pleasure. But, inasmuch as fuel is necessary, a man may throw wood into the street for the purpose of having it carried to his house, and it may lie there a reasonable time. So, because building is necessary, stones, bricks, lime, sand and other materials may be placed in the street, provided it be done in the most convenient manner. On the same principle a merchant may have his goods placed in the street for the purpose of removing them to his store in a reasonable time. But he has no right to keep them in the street for the purpose of selling them there, because there is no necessity for it. * * * I can easily perceive that it is for the convenience and the interest of an auctioneer to place his goods in the street because it saves the expense of storage. But there is no more necessity in his case than in that of a private merchant. It is equally in the power of the auctioneer and the merchant to procure warehouses and places of deposit in proportion to the extent of their business." In the *People* v. *Cunningham* (1 Denio, 524) the defendants were indicted for obstructing one of the streets in the city of Brooklyn, and the court said : "The fact that the defendants' business was lawful does not afford them a justification in annoying the public in transacting it; it gives them no right to occupy the public highway so as to impede the free passage of it by the citizens generally. The obstruction complained of is not of the temporary character which may be excused within the necessary qualifications referred to in the cases cited, but results from a systematic course of carrying on the defendants' business. It is said that this business cannot be carried on in any other manner at that place so advantageously either to individuals or the public. The answer to this is to be found in the observations of the court in *Russell's Case* (above cited). 'They must either enlarge their premises or remove their business to

some more convenient spot.' Private interests must be made subservient to the general interest of the community." In *Welsh* v. *Wilson* (101 N. Y. 254), a case where the defendant obstructed a sidewalk in the city of New York with skids a few minutes while he was engaged in removing two large cases of merchandise from his store to a truck, in consequence of which the plaintiff claimed to have been injured while passing through the street, we said: "The defendant had the right to place the skids across the sidewalk temporarily for the purpose of removing the cases of merchandise. Every one doing business along a street in a populous city must have such a right to be exercised in a reasonable manner so as not to unnecessarily encumber and obstruct the sidewalk." In *Mathews* v. *Kelsey* (58 Me. 56), the court said: "As an incident to this right of transit, the public have a right to load and unload such vehicles (in the street or from the street) as they find it convenient to use. But in this respect each individual is restrained by the rights of others. He must do his work in such careful and prudent manner as not to interfere unreasonbly with the convenience of others."

Now what are the facts of this case? Both the plaintiffs and the defendant were extensive retail and wholesale grocers having stores near to each other on the south side of Vesey street in the city of New York; and a large portion of the plaintiffs' customers, in order to reach their store, were obliged to pass upon the sidewalk in front of the defendant's store. Goods were taken to and from the defendant's store by means of trucks loaded in the street. The trucks were placed in the street adjoining the sidewalk and then a bridge made of two skids planked over so as to make a plank way three feet wide and fifteen feet long, with side pieces three and one-half inches high, was placed over the sidewalk with one end resting upon the stoop of the defendant's store and the other end upon a wooden horse outside of the sidewalk near the truck to be loaded. This bridge was elevated above the sidewalk at the inner end about twelve inches and at the outer end about twenty inches, thus entirely obstructing the sidewalk, and

goods were conveyed over this bridge to and from the store
Persons wishing to pass upon the sidewalk in front of the
store, when the bridge was in place, were obliged to step upon
the stoop and go around that end of the bridge. The bridge
was usually removed when not in use; but there was uncon-
tradicted evidence that it was sometimes permitted to remain
in position, when not in use, for ten or fifteen minutes, and
that it sometimes remained in position when in use one hour,
one hour and a half and sometimes even two hours; and the
court found that the bridge thus remained in position across
the sidewalk from four to five hours each business day between
the hours of nine o'clock A. M., and five P. M., and that it
obstructed the sidewalk the greater part of every business
day. Such an extensive and continuous use of the sidewalk
cannot be justified. It was a practical appropriation by the
defendant of the sidewalk in front of his store to his private
use in disregard of the public convenience. Even if in some
sense such use was necessary to the convenient and profitable
transaction of his business, and if the obstruction of the side-
walk was no more and even less than it would be by any other
method of doing the business, these circumstances do not
justify the obstruction. If the defendant cannot transact his
extensive business at that place without thus encroaching
upon, obstructing and almost appropriating the sidewalk
during the business hours of the day, he must either remove
his business to some other place or enlarge his premises so as
to accommodate it. It was incumbent upon the defendant to
show, not only that the use he made of the sidewalk was neces-
sary in his business, but also that it was reasonable in reference
to the public convenience. That it was unreasonable is too
clear for dispute. He might use the bridge to load or unload
a single truck, and this he could do at intervals during the
day, at no one time obstructing the street for any considerable
length of time. But there is no authority and no rule of law
which would warrant such an obstruction daily for hours, or
even one hour continuously. The defendant was, therefore,
guilty of a public nuisance.

But the defendant claims that the plaintiffs did not allege in their complaint nor prove such special damage as entitled them to maintain this action. It is the undoubted law that the plaintiffs could not maintain this action without alleging and proving that they sustained special damage from the nuisance, different from that sustained by the general public; in other words, that the damage they sustained was not common to all the public living or doing business in Vesey street and having occasion to use the same.

The plaintiffs did not demand any damages in their complaint, and none were awarded to them by the judgment. They simply demanded an injunction restraining the nuisance, and such was the judgment given to them. The complaint sufficiently alleges the special damages. It sets forth the location of the stores of the parties on the same side of the street, near to each other, the character of the bridge, which, when in use by the defendant, was only thirty-five feet from plaintiffs' store, and the manner and extent of the obstruction upon the sidewalk. From these facts alone, as they are fully set forth, it clearly appears that the plaintiffs suffered damage from the nuisance, which was not common to other persons having occasion to use the street. But the complaint goes still further, and distinctly alleges that the obstruction prevents "the plaintiffs and their employes or patrons and all persons from passing along said sidewalk to and from Church street, and to and from plaintiffs' said store, to the detriment and great injury of plaintiffs and their said business;" that the obstruction had been maintained for more than six months prior to the commencement of the action, on an average of five hours each day during the business hours of the day, "to the great and irreparable injury of the plaintiffs." While the complaint is not very definite as to the particular damags suffered by the plaintiffs and the extent thereof, there is enough to show that they suffered some special damage; and if the defendant was not satisfied with the complaint in these respects, he should have moved to make it more definite, or for a bill of particulars. The defendant

having taken issue upon the complaint, and gone to trial, it must be held sufficient to warrant the proof given.

The facts proved and found show special damage from the nuisance to the plaintiffs. There was some proof that some custom was turned from the plaintiffs' store on account of the obstruction, and that pedestrians were turned to the north side of the street before reaching plaintiffs' store. That the plaintiffs suffered some special damage not common to persons merely using the street for passage is too obvious for reasonable dispute. Direct proof of the damage was not needed. All the circumstances show it.

It is further objected, on the part of the defendant, that some of the material findings of fact made by the trial judge were not upheld by any evidence. A careful scrutiny of the evidence fails to satisfy us that this objection is well founded. On the contrary, the undisputed evidence showed the nuisance, the special damage and the right of the plaintiffs to a judgment restraining such nuisance. The evidence of the defendant was directed mainly to show that the bridge was necessary in his business; that skids and other similar appliances were in common use by merchants in the city, and that he left a passage-way for pedestrians on and over his stoop. The alleged necessity, as we have shown, furnished the defendant no justification for the nuisance, and it may be conceded that similar appliances are quite common in New York. It is not the nature of this appliance that furnishes the basis of our judgment, but its unreasonable use. The defendant could not justify his unreasonable obstruction of the sidewalk by showing that he allowed pedestrians to pass around or through his store or over his elevated stoop between moving barrels and packages. The stoop is no part of the sidewalk, and the defendant could not appropriate that to his private use and substitute his stoop for the public convenience. While temporarily obstructing the sidewalk, he should give pedestrians the best passage he can over his stoop. But this should be a temporary, not a permanent shift. He cannot justify the

obstruction of the sidewalk for hours because he gives the public a less convenient passage over his stoop.

The trial judge refused to make any findings upon certain questions of fact submitted to him, and this is now complained of as error. It is the duty of the trial judge to find upon every material question of fact submitted to him and involved in the evidence. But his refusal to do so will not be an error fatal to his judgment if the findings asked were not material to the decision of the case, or would not be beneficial to the party asking them. Among the findings thus submitted on the part of the defendant were the following: "That the defendant uses the place complained of at a time and in a manner that is reasonable under all the circumstances;" "that the use of the sidewalk by the defendant does not unreasonably abridge or obstruct the passage of pedestrians." The judge should properly have found upon these questions; but upon the undisputed evidence he should have found against the defendant, and, therefore, he has suffered no harm from the neglect or refusal to find. The facts proved by uncontradicted evidence, and found, showed that the obstruction was unreasonable. If the trial judge had responded to these findings in favor of the defendant, and had yet rendered judgment against him, the judgment would still have been based upon sufficient facts and could not have been disturbed. The opinion and conclusion of the trial judge, notwithstanding the other facts found, that the obstruction caused by the defendant was not unreasonable, would not have been controlling and would not have sustained a judgment in favor of the defendant. Such a judgment would have been against the evidence.

But the judgment rendered is too broad and general in its terms. It is as follows: "That plaintiffs are entitled to an injunction perpetually restraining the defendant, his agents, servants or employes, from obstructing the southerly sidewalk of Vesey street, in front of the premises Nos. 35 and 37 Vesey street, by any plank-way or bridge or other like obstruction, elevated above the sidewalk, and reaching from said store, or

from the stoop in front of said store to the roadway of said Vesey street, or from hindering or preventing the plaintiffs or their employes, servants and customers from having the free and unobstructed use of and passage along the sidewalk of said Vesey street in front of said premises, Nos. 35 and 37 Vesey street, by any like obstruction." The judgment entirely prevents the defendant from using the bridge or other like obstruction. We find nothing in the evidence which justifies this. We cannot perceive that the bridge is in any material degree a greater obstruction than skids would be if similarly used. The judgment should be so modified as to read as follows: "It is ordered and adjudged that the defendant, his agents, servants and employes refrain from unnecessarily or unreasonably obstructing the southerly sidewalk of Vesey street in front of the premises Nos. 35 and 37 Vesey street, by any plank-way or bridge or other like obstruction elevated above the sidewalk and reaching from said premises or from the stoop in front of the same to the roadway of said Vesey street, or from unnecessarily or unreasonably hindering or preventing the plaintiffs or their employes, servants and customers from having the convenient use of and passage along the sidewalk of said Vesey street in front of said premises Nos. 35 and 37 Vesey street, by any like obstruction; and it is further adjudged that the plaintiffs recover of the defendant $164.20 costs of this action;" and, as so modified, it should be affirmed, without costs to either party in this court.

It is difficult to frame the judgment by the use of general language so as to protect and secure the rights of the parties. But the rules we have laid down in this opinion will probably be found sufficient as a guide if it should be necessary to enforce the judgment as modified, and therefrom the meaning and scope of the important words "unnecessarily" and "unreasonably" may, with sufficient accuracy, be ascertained.

All concur.

Judgment accordingly.