CATHARINE SHOOK, Respondent, *v.* THE CITY OF COHOES, Appellant.

*Court of Appeals, February* 10, 1888.

Affirming same case, 38 Hun, 641, Mem.

1. *Negligence.   Questions for jury.*—In an action to recover damages for personal injuries caused by falling upon a sidewalk in one of defendant's streets, upon which a quantity of earth had been deposited, the trial court cannot, as a matter of law, properly rule that plaintiff was guilty of culpable imprudence in attempting to pass over the obstructions upon the sidewalk, though they were known to her.

2. *Same.*—Whether upon the whole evidence the obstruction had existed for such a length of time that the defendant was guilty of negligence and in fault for not taking notice of it and removing it, was also a question for the jury.

3. *Municipal Corporation.   Obstruction.*—Where earth is deposited upon a sidewalk by an adjoining owner, where there is abundant room upon his land for its deposit, *prima facie* its deposit upon the sidewalk is unauthorized and therefore wrongful.

4. *Same.*—Where defendant's superintendent has actual notice of such wrongful deposit, it becomes its duty at once to arrest further deposit, and remove what had been placed there.

Action to recover damages for personal injuries caused by falling upon a sidewalk of one of defendant's streets, upon which a quantity of earth had been deposited. It was raining at the time and the sidewalk was slippery and muddy.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered on a verdict.

*P. D. Niver*, for appellant.

*J. H. Clute*, for respondent.

EARL, J.—Whether the plaintiff was guilty of negligence contributing to the accident, was a question of fact for the jury. The trial judge could not properly rule, as a matter of law, that she was guilty of culpable imprudence in attempting to pass over the obstructions upon the sidewalk, although they were known to her. Pomfrey *v.* Village of Saratoga Springs, 104 N. Y. 459; 5 N. Y. State Rep. 802. Whether she could pass over them in the exercise of proper care, or whether she was bound to go around them into the muddy street, were questions of fact for the jury.

The earth was thrown upon the sidewalk by an adjoining owner, who was engaged in building a trench and postholes for a fence upon the line of his lot. The evidence on the part of the plaintiff tended to show that this obstruction upon the sidewalk had existed for about ten days, but on the part of the defendant there was evidence tending to show that the trench and postholes were dug and the earth thrown out upon the sidewalk on Friday and Saturday prior to the Sunday morning upon which the accident happened, and that the work was finished on Saturday afternoon. Whether upon the whole evidence the obstruction had existed for such a length of time that the defendant was guilty of negligence and in fault for not taking notice of it and removing it, was also a question of fact for the jury.

Counsel for the defendant requested the court to charge as follows: "If the jury believe that the dirt was all thrown upon the sidewalk upon the Friday and Saturday before the accident which occurred on Sunday, then the city is not guilty of negligence." The court refused to charge this request, but did charge that it was for the jury to determine whether reasonable time had elapsed in which notice should be taken. To this refusal defendant's counsel excepted. This exception presents no error.

Opinion of the Court, by EARL, J.

It must be assumed that this earth was wrongfully placed upon the sidewalk.   It is true that if there was any necessity for placing it there, temporarily in order to enable the adjoining owner in a reasonable manner to construct his fence, then it was justifiable.   Callanan *v.* Gilman, 107 N. Y. 360; 12 N. Y. State Rep. 21.   But in order to justify this obstruction, if the adjoining owner had been sued, it would have been incumbent upon him to show that it was necessary and reasonable under the circumstances.   Here there was no proof of any necessity, whatever, for the deposit of this earth upon the sidewalk.   For aught that appears there was abundant room upon the land of the owner for the deposit of this earth, and it is reasonable to suppose that there was. *Prima facie* its deposit upon the sidewalk was unauthorized, and hence it must be assumed for the purposes of this case that it was wrongfully deposited there.   There is uncontradicted evidence on the part of the plaintiff that during the time of the excavation of this earth and at the time of its deposit upon the sidewalk the defendant's superintendent of streets was present and saw what was being done.   If that evidence was believed it showed actual notice of this wrongful deposit of the earth upon the sidewalk to the defendant, and it at once became its duty to arrest further deposit, and remove what had been placed there.   Hence there was a fair question for the jury to determine whether there was any negligence chargeable to the defendant in permitting this earth thus wrongfully deposited upon the sidewalk, to remain there, and the trial judge could not properly have charged as requested.

The judgment should be affirmed, with costs

**All concur.**