## CLARK v. CLERGUE et al.

(*Supreme Court, General Term, Second Department.*   June 25, 1888.)

1. EVIDENCE—ADMISSIONS—PARTNERSHIP.

In an action on a contract made in the name of a firm, where an issue is made on a plea of misjoinder, alleging that one partner is not made a defendant, and that two defendants are not partners, the production of the letters of the firm showing that they are partners is sufficient to warrant the jury in finding the issue for plaintiff.

2. SALE—ACTION FOR FAILURE TO DELIVER—REFUSAL TO RECEIVE GOODS.

In an action for damages for a breach of a contract to deliver ice, proof that plaintiff declined to receive ice in advance of the time of delivery, because he had not storage room, is not sufficient to show a breach on his part.

3. DAMAGES—FOR BREACH OF CONTRACT—LIQUIDATED DAMAGES.

Defendants, living in Maine, contracted to ship plaintiff, in New York, a certain quantity of ice at $1.50 per ton, with the agreement that "either party refusing or failing to ship or accept the ice * * * shall forfeit and pay to the other, as liquidated damages, $1.50 per ton for the number of tons not shipped or accepted." *Held*, in an action for failing to ship ice, that the measure of damages was $1.50 per ton, and not the difference between the contract price and what it cost to supply other ice.

Appeal from special term, Westchester county.

Action by John Clark on a contract to deliver ice signed by Stewart, Clergue & Co. The summons issued against Frank Clergue, Thomas Stewart, Charles Stewart, and Edward Stewart, as composing the company, but was served only on Clergue, who answered, alleging that the firm was composed of himself and Harry D. Stewart, who was not made a party, and that the other three Stewarts were not partners; and also charged that plaintiff had violated the contract sued on. The contract provided that defendants were to ship a certain quantity of ice from Maine to plaintiff in New York, at $1.50 per ton, and that "either party refusing or failing to ship or accept the ice * * * shall forfeit and pay to the other, as liquidated damages, $1.50 per ton, for the number of tons not shipped or accepted." Three issues were raised: (1) The misjoinder of parties; (2) plaintiff's violation of the contract; and (3) the measure of damages. The jury found for plaintiff, and defendant Clergue appeals.

*Harriman & Fessenden*, for appellant.    *Fred. M. Evarts*, for respondent.

BARNARD, P. J. This action is brought to recover damages for a failure to deliver ice according to contract. The contract was signed upon the part of the defendants, who were to deliver the ice, in the name of Stewart, Clergue & Co. The complaint avers that the defendants Stewart were included as contractors, because they were members of the firm of T. J. Stewart & Co. The complaint was not served upon any defendant except Clergue, and he avers that he and still another Stewart, who is not made a party defendant, were the contractors. Upon this issue the jury have found for the plaintiff. It is proven that Clergue reported that the firm of T. J. Stewart & Co. were contractors with him. A witness (Newman) testifies to the fact that T. J. Stewart & Co. were interested in the contract. It is stated by Clergue that he did not state that T. J. Stewart & Co. were his partners, but that "one of the Stewarts was," and that T. J. Stewart shipped his ice. The evidence as against Clergue is overwhelming that he represented T. J. Stewart & Co. to be his partners. It is sufficient, without his testimony, to make out the intent of T. J. Stewart & Co. That firm admitted it in their letters so far that a jury could so find. The evidence establishes a breach of contract on the part of defendants. The only proof tending to show a breach by plaintiff consisted of a request that he would receive ice in advance of the stipulated terms of the contract, and he replied that he had no room to comply. This was not a breach of contract by plaintiff. There was no refusal to accept ice according to the agreement, nor a waiver of its terms. The remaining question is one of damages. The contract provides for $1.50 per ton as liquidated damages for the number of tons not shipped or not accepted. The court held that the jury were not to observe this, but were to give the difference between the contract price and the sum paid to supply ice in its place, and that this was shown by the evidence to be 90 cents per ton. The stipulated sum was a reasonable provision, and should have been observed. The case shows that it was extremely difficult to allow for waste of ice, and to estimate freight and labor, so as to get at a just compensation in damages; and the chief difficulty upon the appeal is whether certain things should not be considered in abatement of the amounts which plaintiff claims should be allowed to him in getting at the cost of the replaced ice. The liquidated damages were intended to settle the question after breach by both parties. The contract was peculiar. The ice was in Maine, and was to be shipped to Brooklyn in certain amounts each month. There was question of freight and wharfage. The plaintiff bought the ice to sell again. The defendants owned the ship, and the freight was to be paid by plaintiff upon the arrival of the cargo. It is manifest that a breach may well involve a loss in cargo, a loss by demurrage, a loss in freight, and a loss in the use of the vessel. On the plaintiff's part

a breach means a loss in the replacement of ice for his business, and a loss in the business itself by failure to receive the ice. Again, fluctuations in the price of ice are to be provided against, and the parties defendant had the right to limit the possible loss. Assuming that the jury found a larger sum than the most favorable evidence for the plaintiff would warrant, it is not just to give a new trial for that reason. If we are right in respect to the clause as to liquidated damages, the verdict, if one was found, would be greater than the first one. *Callanan* v. *Gilman*, 107 N. Y. 360, 14 N. E. Rep. 264. The judgment should therefore be affirmed, with costs.