WAKEMAN *v.* WILBUR *et al.*

(*Supreme Court, General Term, Fourth Department.* January 19, 1889.)

1. HIGHWAYS—STATUTORY ESTABLISHMENT—PRESCRIPTION.

In 1851 two of the commissioners of highways, without the knowledge of the third, made an order that a road be laid out through the lands of certain persons. The order was accompanied by a survey showing the center line, and was recorded in the town clerk's office. The country being at that time a wilderness, nothing was done until 1861, when the trees were cut along the general route, but not adhering to the survey, the road turning from point to point to secure the most feasible ground for travel, and the town afterwards worked it on that line. A few years before this suit defendant built a fence along each side of the beaten track where it passed through her land, in some places within two feet of the wagon track, the land on each side, which had never been used as a highway, being covered with stumps. *Held*, that under 2 Rev. St. N. Y. p. 1248, § 99, requiring a road to be worked within six years from the time of its pretended laying out, the road was not a statutory highway, but existed by prescription.

2. SAME—ENCROACHMENT.

In the absence of any evidence that the road had any other boundary lines than those defined by the driveway, or that defendant's fence, complained of as an encroachment, was not built wholly on her own land outside of said highway, an injunction was improperly awarded.

3. SAME—INJUNCTION—BY INDIVIDUAL—SPECIAL DAMAGES.

The fact that by reason of the fences the snow drifted in the road more than it otherwise would have done, and that this impeded plaintiff's passage over it, does not show any special damage to him, or any other different annoyance or inconvenience from that occasioned to the general public, nor is it material that he had occasion to pass over it more than others.

Appeal from a judgment entered upon the report of a referee.

Action by Abijah S. Wakeman, as an individual, against Sylvia A. Wilbur and Jacob Wilbur, to procure the removal of a fence built by defendants

along an alleged highway, and to perpetually enjoin them from obstructing the said highway.  From a judgment for plaintiff, defendants appeal.

*Alexander Neish*, for appellants.  *Fancher & Sewell*, for respondent.

KENNEDY, J.  The action is brought by the plaintiff, as an individual, to compel the abatement of, and to restrain the restoration and continuance of, a public nuisance, to-wit, the encroachment upon an alleged public highway, by building and maintaining fences along the lines thereof.  The plaintiff alleges, and upon the trial it appeared, that he was, at the time this action was commenced, and had been for many years prior thereto, the owner of a farm of about 200 acres, situated in the town of Walton, in the county of Delaware; that a highway led through and from his farm to the village of Walton, and passed through a farm owned by the defendant Sylvia A. Wilbur, lying adjoining the plaintiff.  It is averred in the complaint that the defendant's grantor had dedicated one and one-half rods each side of said highway, meaning, as is assumed, the center line thereof, to the use of the public as and for highway purposes.  It is further alleged that the defendants built a fence along said highway, upon the lands of the defendant Sylvia, and had maintained the same for several years before this action was commenced, and that said fence was an encroachment on said highway; that by reason thereof the plaintiff had been impeded in his travel over the same.  The damage sustained by the plaintiff, and which it is claimed was so far a special injury, peculiar to himself, as enables him to maintain this action, consists in the fact that in the winter time the snow drifts into said road, because of said fence, more than it otherwise would, and that the plaintiff, with others of the public using it, were more or less impeded thereby, and the consequent inconvenience and annoyance resulting therefrom.  So far as the case shows, this was common to all the public having occasion to travel over said road.  It appeared that in June, 1851, two of the commissioners of highways in the town of Walton made an order that a highway be laid out in said town, and passing through the lands owned by certain persons therein named.  This order was accompanied by a survey showing the center line of said highway, and was recorded in the clerk's office in said town.  The referee finds, (defendant's third request,) as a conclusion of fact, that there is no evidence that the third commissioner of highways in said town knew of or took part in the matter.  It is shown that the ground over which the survey ran was at the time a wilderness, covered with forest.  Nothing appears to have been done towards the opening and working of this proposed highway until about 1861, when the trees were cut out along the general route, but not adhering to said survey; and from that time forward work was done by the town along and upon the same.  The line of way was crooked, and turned from point to point in a manner to secure the most feasible ground over which to pass.  This continued the condition of things through the defendant's farm until a few years before this action was commenced, when she cleared the same of trees, and commenced to use it for agricultural purposes.  She then built a fence upon each side of the beaten track of the road, and in some places along the same such fence was laid within two feet of the wagon track, the lands immediately adjoining being covered with stumps of trees which had been felled, and the same had not been used by the public as any part of said highway.  It is for the inconvenience to the plaintiff, in common with the rest of the public having occasion to travel over the road, and occasioned by these fences, that the plaintiff seeks a remedy by an injunction in this action.

We do not think the evidence establishes the fact that this claimed highway was properly laid out under the statute, or became or is a statutory highway.  Hence, as it existed, it was, as claimed by the plaintiff in his complaint, one by prescription or dedication, because it was not opened and worked on the line of the survey within six years from the time of its pre-

tended laying out, and not until 1861. 2 Rev. St. p. 1248, § 99. When a highway is established by prescription or user, the actual public use defines the extent of the easement, and the same rule exists as to roads of express or implied dedication. Walker v. Caywood, 31 N. Y. 51, 63. If the road in question had any boundary lines other than those defined by the driveway, it does not appear from the evidence where they were; nor is it shown in any manner that the fence built by the defendants, and complained of as an encroachment, was not wholly on their own lands, and outside of the boundaries of said highway.

The plaintiff cannot maintain this action for an injunction, except that he, by reason of alleged wrongful acts of the defendants, has sustained special damage peculiar to himself, and beyond that of the general public. 1 High, Inj. § 816; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. Rep. 264. The special damage found by the referee is that, because of the building of the fences, the snow drifted into the road more than it otherwise would have done, and by reason of this that he was delayed in his passage over it, and was required to shovel it out in order to do so. It is difficult to see how this tends to establish special damages in him, or any other or different annoyance or inconvenience from that occasioned to the general public. The fact that he had occasion to pass over the highway more frequently than others does not furnish a reason why he should be especially authorized to become the champion of the public, and cause its wrongs to be abated. The statute (article 5, c. 16, pt. 1, 2 Rev. St.) has provided a simple, speedy, and inexpensive mode of proceeding to remove obstructions on public highways, and it is only when some special reason exists requiring it that the remedy can be pursued by a citizen in his individual character. It would have been wise had the plaintiff sought this statutory remedy, ample in all respects to protect his rights, together with those of the general public. Judgment reversed, new trial ordered before another referee, costs to abide the event. All concur.