### PORTH *v.* MANHATTAN RY. CO. *et al.*

*(Superior Court of New York City, General Term.* November 3, 1890.)

1. ABATEMENT OF NUISANCE—PLEADING.

A complaint alleged that defendant, an elevated railway company, at times therein mentioned, wrongfully and without legal authority, entered upon a certain public avenue and erected a station, and that such station was an unlawful appropriation of plaintiff’s property. *Held,* sufficient to sustain a judgment directing the removal of the station.

2. SAME—RELIEF IN EQUITY.

The commissioners appointed under Rapid Transit Act N. Y. 1875, authorized defendant to build a station, provided that the “stairs and all parts of the stations except the platform, doors, windows, and inside sheathings, and except the tread of the stairs, shall be of iron.” *Held* that, in erecting a station of wood, defendant was guilty of maintaining a public nuisance which equity would abate at the instance of an aggrieved property owner.

Appeal from equity term.

An action by Emma A. Porth against the Manhattan Railway Company and The Metropolitan Elevated Railway Company to restrain defendants from the maintenance and operation of their railroad in front of plaintiff's premises, No. 1435 Second avenue, New York city, and also to compel defendants to remove their station building. Defendants appeal from a judgment awarding plaintiff a mandatory injunction for the removal of the station, and also restraining the further maintenance of the railway in front of plaintiff's premises, unless defendants pay her $1,000.

Argued before FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo*, for appellants. *James B. Ludlow*, for respondent.

INGRAHAM, J. We are of the opinion that the facts alleged in the complaint were sufficient to authorize the relief granted by the court in this action. The complaint alleged that the defendants, in the year 1879 and 1880, wrongfully, and without legal authority, entered upon Second avenue and constructed an elevated railway, and that thereafter, and about the month of October, 1881, the defendants again entered upon Second avenue and erected an elevated station building of wood, with a wooden stairway descending to the sidewalk of Second avenue. This structure is alleged to be an unlawful appropriation of plaintiff's property; and a part of the relief demanded is that the defendants be compelled to take down and remove the elevated railroad structure and station building on Second avenue. The defendants in their answer allege that they erected the elevated railway structure under authority of the laws of the state of New York, with the consent of the city of New York, and that the said structure was constructed according to law. The plaintiff alleged that the station of the defendant was unlawful. The defendants deny that allegation, and allege that it was authorized by law; and it was this issue that the court found in favor of the plaintiff. We are also satisfied that the defendants were not authorized to erect a wooden station in any of the streets of New York. The original authority given to the Gilbert Elevated Railway Company to build a railroad in Second avenue was never acted on by the company. No railroad was ever built under that charter. In 1875 the act called the "Rapid Transit Act" was passed. Under the provisions of that act, the defendant the Metropolitan Elevated Railway Company was authorized to construct, in Second avenue, a different structure from that authorized by the original charter, and it is upon the authority conferred by that act that the defendants entered upon Second avenue and built the railway structure now operated by them. It cannot be claimed that the structure as built was authorized by the original charter, and the defendants must find their authority to build and maintain their railroad structure under the act of 1875, if it exists. It is clear that the defendants acquired no authority under that act to build wooden stations. The commissioners appointed under the act of 1875 authorized the defendants to build the structure of iron, and provided that the "stairs and all parts of the stations except the platform, doors, windows, and inside sheathings, and except the tread of the stairs, shall be of iron." The structure as thus prescribed by the commissioners was expressly accepted by the defendants, and it was this structure, and this structure only, that defendants were authorized to build in Second avenue. When, therefore, the defendants built and maintained a station of wood in Second avenue, a public street, they did what was unauthorized by law, and were guilty of maintaining a public nuisance. It is well settled in this state that a court of equity will abate a public nuisance at the suit of an individual who sustains thereby special damage, different from that sustained by the general public. *Callanan* v. *Gilman*, 107 N. Y. 370, 14 N. E. Rep. 264.

We think, therefore, that the judgment directing the removal of the un-

lawful structure was right. The other questions presented in this case have been settled, by repeated decisions of this court, adversely to the appellant. We think no error was committed on the trial, and that the judgment should be affirmed, with costs.