## LINEHEN v. WESTERN ELECTRIC CO.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

NEGLIGENCE—OBSTRUCTION OF SIDEWALK.
Where a person permits a sidewalk in front of his premises to be obstructed by a truck and skids for an unreasonable time beyond what is necessary for loading and unloading, thus forcing pedestrians, in order to have a passageway along the street, to use a platform or stoop on the premises, such stoop or platform should be reasonably safe; and if, as the result of the negligent management of the same, a pedestrian, in passing over it, is injured, the right to recover damages for such injuries exists.

Appeal from trial term, New York county.

Action by Mary Linehen against the Western Electric Company. From a judgment on a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRA-HAM, JJ.

Richard T. Greene, for appellant.
Morris W. Hart, for respondent.

O'BRIEN, J. The action was brought to recover damages for injuries sustained by the plaintiff while a pedestrian on Albany street, on the 8th day of February, 1895, through the alleged negligence of the defendant, by slipping from an icy platform or stoop in front of the entrance to the defendant's premises on the southerly side of Albany street, between Greenwich and Washington streets. The plaintiff's testimony was directed to showing that on that day, at about 3 o'clock, she, in company with a young lady, went to a milk depot near the defendant's premises, and afterwards, intending to go to a grocery store on Washington street, proceeded along Albany street, until she reached the defendant's premises, where her further progress was impeded by the presence of a wagon and skid which obstructed the sidewalk. The wagon, to which horses were attached, was backed against the curbstone, and from the tail of the truck a pair of skids extended across the walk to the platform or stoop in front of the defendant's premises. The roadway, as testified to by the young lady who was with the plaintiff, was filled with snow. They attempted to go around in front of the horses, but could not get through, as the snow was too deep. They waited about eight minutes, expecting that the obstruction would be removed, and then stepped upon the stoop or platform; but, owing to its icy and slippery condition, the plaintiff slipped, and fell to the grating, the testimony tending to show that both the skid and grating were icy. The skid was not in use at the time the street was obstructed; for a witness for the defendant testified that it was his business to load and unload the trucks, and that he was absent at the time of the accident, having been sent on an errand by the defendant, and that the truck was not standing there when he went, but that he was gone about 15 minutes, and, when he returned, the truck was there, and that he then saw the plaintiff in front of the door.

There was no real contradiction of the plaintiff's testimony as to the condition of the stoop, grating, and skid at the time she sustained her injuries, or as to the obstruction of the walk by the truck and skid at that time; but it is argued that the testimony was unsatisfactory as to the time that they remained there while neither loading nor unloading. It is unnecessary to say that the question of credibility of witnesses was one for the jury.

The appellant, however, insists that as the action was brought upon the theory of negligence, and not nuisance, the former was not proven, because it was not negligence for the defendant to throw the skid across the walk. Welsh v. Wilson, 101 N. Y. 257, 4 N. E. 633; Callanan v. Gilman, 107 N. Y. 371, 14 N. E. 264. These cases are undoubted authority for the right of persons to reasonably employ skids for the purpose of loading or unloading wagons; but there is authority for the proposition that if, by reason of the obstruction to the sidewalk, a pedestrian is obliged to have resort to the stoop or

platform connected with the building belonging to the person ob-structing the sidewalk, and is injured thereon by reason of the negligent manner in which it is constructed or kept, for such negligence, causing injuries, a recovery can be had. Murphy v. Leggett (Sup.; May 6, 1898) 51 N. Y. Supp. 472. Or, stating the last proposition differently, where a person permits a sidewalk in front of his premises to be obstructed by a truck and skids for an unreasonable time beyond what is necessary for loading and unloading, thus forcing pedestrians, in order to have a passageway along the street, to use a platform or stoop on the premises, such stoop or platform should be reasonably safe; and if, as the result of the negligent maintenance of the same, a pedestrian, in passing over it, is injured, the right to recover damages for such injuries exists.

The law was correctly presented to the jury upon the facts of this case by the learned trial judge in which he told them:

"If from this evidence you conclude that the obstruction—the skid—was permitted to remain there for an unreasonable time, and that the platform and skid were covered with ice and in a dangerous condition,—the condition where a passerby might, even if careful, fall,—finding thus in favor of the plaintiff from the evidence, and also finding that the plaintiff was herself free from any negligence contributing to the injury, * * * then your verdict will be for the plaintiff; but if you find that the defendants did not maintain or have the skid there for an unreasonable time, or that the defendants were in no way negligent in regard to the condition of the platform and the skid as to ice and snow, your verdict must be for the defendants."

We think that the charge was unexceptionable, and clearly presented, upon the evidence, the issues which the jury were to determine; and as there are no exceptions relied upon to rulings upon evidence, or to the charge of the court, we think that the verdict of the jury was right, and that the judgment entered thereon should be affirmed, with costs. All concur.