## WYNN v. CITY OF YONKERS et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. CITIES—OBSTRUCTION IN STREET—PERMANENCY—INSTRUCTION.

In an action against a city for injuries sustained by reason of an obstruction in the street, consisting of a beam lowered from a runway, there was evidence that the beam had for years been lowered for hours at a time, while the runway was in operation. The court instructed that the city was not liable unless the structure was a "permanent and habitual" obstruction of the street. *Held*, that an instruction was properly refused to the effect that the lowering of the beam which caused the accident was a temporary use, for which the city would not be liable unless it had notice that this temporary use had been so continued at any one time as to constitute a permanent obstruction.

2. SAME—PERMANENT INJURY—EVIDENCE—HARMLESS ERROR.

In an action against a city for personal injuries, testimony of a physician was admitted as to a permanent ailment of plaintiff, which was not definitely shown to have been the result of the injury. Defendant was granted leave to renew its motion to strike if the testimony was not subsequently connected. The motion was never renewed, but the court instructed that there was no evidence as to the permanency of pain. *Held*, that the admission of the testimony could not have injured defendant.

Appeal from trial term, Westchester county.

Action by Thomas Wynn against the city of Yonkers and others. From a judgment in favor of plaintiff, and an order denying their motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Francis A. Winslow (Alfred Opdyke, on brief), for appellants.
John F. Brennan, for respondent.

WILLARD BARTLETT, J. On April 29, 1901, the plaintiff, while driving upon a load of hay on a public street in the city of Yonkers, was injured by colliding with a structure denominated a "runway," which had been maintained for many years across the street by the defendants Nelson Morris & Co. for the purpose of conveying meat from railroad cars on the other side of the street to their storehouse opposite. Ordinarily the beam which constituted the principal portion of this runway was maintained at such an elevation above the roadway as not materially to interfere with the passage of vehicles; but on the occasion of the accident in question it had been lowered for use, and was being employed for the purpose of conveying meat

across the street. The testimony indicated that it had to be maintained in that position about two hours to unload the particular car which was then being discharged. The learned trial judge left it to the jury to say whether the travel in the highway was unreasonably obstructed by this runway, as the proof showed it to have been used. As to the liability of the city, he charged that a municipal corporation had no right to permit the establishment or continuance of a nuisance, and, if they found that this was such an interference with the fair and reasonable use of the street as to work a direct and physical injury to those who had the right to use the thoroughfare, it was the duty of the officers of the city of Yonkers to see that it was abated. In another part of his charge he left it to the jury to say whether the runway had been "an habitual obstruction to the fair and reasonable use of that thoroughfare." The jury found a verdict for the plaintiff, and the defendants have appealed.

As to the contention that the plaintiff himself was guilty of contributory negligence, it is enough to say that this question was one for the jury, under all the recent authorities on that subject in the court of appeals. The court was requested to charge "that the accident happened, not upon the permanent portion of the structure, but from the lowering of the beam, which was a temporary use, and, unless the city has notice that this temporary use has been so continued at any one time as to constitute a permanent obstruction, the city is not liable." In response to this request, the court said, "I decline to charge in the language of the request," and the defendants excepted. In view of what had been said in the main body of the charge, and in response to previous requests, we do not think this refusal constituted error. The court had already instructed the jury, in substance, that they were not to find a verdict for the plaintiff unless they found that the structure was a permanent and habitual obstruction of the street, interfering with its reasonable use. The proof was ample to sustain the conclusion that, when in use as it had been for years, the runway obstructed the street for hours at a time. In the case of Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831, an obstruction of a sidewalk in the city of New York by a bridge from 12 to 20 inches above the surface was condemned by the court of. appeals in this language:

"It was incumbent upon the defendant to show, not only that the use he made of the sidewalk was necessary in his business, but also that it was reasonable in reference to the public convenience. That it was unreasonable is too clear for dispute. He might use the bridge to load or unload a single truck, and this he could do at intervals during the day; at no one time obstructing the street for any considerable length of time. But there is no authority and no rule of law which would warrant such an obstruction daily for hours, or even one hour continuously. The defendant was therefore guilty of a public nuisance."

Complaint is also made of the admission of the testimony of a physician to the effect that he found the plaintiff suffering from an asthmatic affection, which he subsequently admitted he was not willing to declare to be due to the accident. A motion to strike out this testimony was denied, with leave, however, to renew if the testimony was not subsequently connected. The motion to strike out was not re-

newed, but the court expressly instructed the jury that there was no evidence in the case as to the permanency of pain or suffering. Under the circumstances it is impossible to say how the testimony of the physician can have damaged the defendants. I think the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.