THOMAS WYNN, Respondent, *v.* THE CITY OF YONKERS, NELSON MORRIS, EDWARD MORRIS AND IRA N. MORRIS, Composing the Firm of NELSON MORRIS AND COMPANY, Appellants.

*Negligence — injury to one riding on a load of hay from colliding with a runway over a public street — charge as to a temporary use and as to notice to the city.*

In an action brought against the city of Yonkers and the members of the firm of Nelson Morris & Co. to recover damages for personal injuries sustained by the plaintiff, who, while driving upon a load of hay on a public street in the city of Yonkers, was injured by colliding with a runway which had been maintained for many years across the street by the firm of Nelson Morris & Co. for the purpose of conveying meat from railroad cars on one side of the street to their storehouse on the other side, it appeared that ordinarily the beam which constituted the principal portion of the runway was maintained at such an elevation above the roadway that it did not materially interfere with the passage of vehicles, but that on the occasion in question it had been lowered and was being used for the purpose of conveying meat across the street; that, when in use, as it had been for years, the runway obstructed the street for hours at a time.

The trial judge submitted to the jury the question whether travel on the highway was unreasonably obstructed by the runway, and also whether the runway had been "an habitual obstruction to the fair and reasonable use of that thoroughfare." He further charged that a municipal corporation had no right to permit the establishment or continuance of a nuisance, and that, if they found that the runway was such an interference with the fair and reasonable use of the street as to work a direct and physical injury to those who had a right to use the thoroughfare, it was the duty of the city officials to see that it was abated.

The court was requested to charge "that the accident happened not upon the permanent portion of the structure, but from the lowering of the beam, which was a temporary use, and unless the city has notice that this temporary use has been so continued at any one time as to constitute a permanent obstruction, the city is not liable," and, in response thereto, stated, "I decline to charge in the language of the request."

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be affirmed;

That, in view of what had been said in the main charge and in response to previous requests to charge, the refusal to charge the proposition quoted did not constitute error;

That the question whether the plaintiff was guilty of contributory negligence was properly submitted to the jury.

APPEAL by the defendants, The City of Yonkers, Nelson Morris, Edward Morris and Ira N. Morris, composing the firm of Nelson Morris and Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 5th day of March, 1902, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 14th day of March, 1902, denying the defendants' motion for a new trial made upon the minutes.

*Francis A. Winslow* and *I. J. Beaudrias* [*Alfred Opdyke* with them on the brief], for the appellants.

*John F. Brennan,* for the respondent.

WILLARD BARTLETT, J.:

On April 29, 1901, the plaintiff, while driving upon a load of hay on a public street in the city of Yonkers, was injured by colliding with a structure denominated a runway, which had been maintained for many years across the street by the defendants Nelson Morris & Company for the purpose of conveying meat from railroad cars on the other side of the street to their storehouse opposite. Ordinarily the beam which constituted the principal portion of this runway was maintained at such an elevation above the roadway as not materially to interfere with the passage of vehicles; but on the occasion of the accident in question it had been lowered for use and was being employed for the purpose of conveying meat across the street. The testimony indicated that it had to be maintained in that position about two hours to unload the particular car which was then being discharged. The learned trial judge left it to the jury to say whether the travel in the highway was unreasonably obstructed by this runway as the proof showed it to have been used. As to the liability of the city, he charged that a municipal corporation had no right to permit the establishment or continuance of a

nuisance, and if they found that this was such an interference with the fair and reasonable use of the street as to work a direct and physical injury to those who had the right to use the thoroughfare, it was the duty of the officers of the city of Yonkers to see that it was abated. In another part of his charge he left it to the jury to say whether the runway had been " an habitual obstruction to the fair and reasonable use of that thoroughfare." The jury found a verdict for the plaintiff and the defendants have appealed.

As to the contention that the plaintiff himself was guilty of contributory negligence, it is enough to say that this question was one for the jury under all the recent authorities on that subject in the Court of Appeals. The court was requested to charge " that the accident happened not upon the permanent portion of the structure, but from the lowering of the beam, which was a temporary use, and unless the city has notice that this temporary use has been so continued at any one time as to constitute a permanent obstruction, the city is not liable." In response to this request the court said : " I decline to charge in the language of the request," and the defendants excepted. In view of what had been said in the main body of the charge and in response to previous requests we do not think this refusal constituted error. The court had already instructed the jury in substance that they were not to find a verdict for the plaintiff unless they found that the structure was a permanent and habitual obstruction of the street, interfering with its reasonable use. The proof was ample to sustain the conclusion that when in use as it had been for years the runway obstructed the street for hours at a time. In the case of *Callanan* v. *Gilman* (107 N. Y. 360) an obstruction of a sidewalk in the city of New York, by a bridge from twelve to twenty inches above the surface, was condemned by the Court of Appeals in this language : " It was incumbent upon the defendant to show, not only that the use he made of the sidewalk was necessary in his business, but also that it was reasonable in reference to the public convenience. That it was unreasonable is too clear for dispute. He might use the bridge to load or unload a single truck, and this he could do at intervals during the day, at no one time obstructing the street for any considerable length of time. But there is no authority and no rule of law which would warrant such an obstruction daily for hours, or even

one hour continuously. The defendant was, therefore, guilty of a public nuisance."

Complaint is also made of the admission of the testimony of a physician to the effect that he found the plaintiff suffering from an asthmatic affection, which he subsequently admitted he was not willing to declare to be due to the accident. A motion to strike out this testimony was denied, with leave, however, to renew if the testimony was not subsequently connected. The motion to strike out was not renewed, but the court expressly instructed the jury that there was no evidence in the case as to the permanency of pain or suffering. Under the circumstances it is impossible to say how the testimony of the physician can have damaged the defendants.

I think the judgment should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.