WARDEN v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. MUNICIPAL CORPORATIONS—COURTS—ACTIONS FOR INJURIES—OBSTRUCTION OF SIDEWALK WHILE MAKING IMPROVEMENTS.

In an action for special injuries from a public nuisance, it appeared that defendant contractors were repairing certain sewers under a contract with defendant city which provided that the sidewalks and street should be kept clear and free for the passage of pedestrians, carriages, etc., unless otherwise authorized by special permission in writing from the engineer. The sewer was along the north side of a street, and the contractors completely obstructed the sidewalk and part of the street on that side, and placed a large tool chest on the south sidewalk between the curb and the flagged portion, where it remained for some time. The cover of the chest, when open, extended part way over the flagged portion, and plaintiff, an 11 year old girl, was seriously injured by running into the cover in the dusk of the evening while at play. The permit to open the street provided that the engineer in charge should determine how much of the streets the contractor might occupy; but there was no showing of any permission to occupy any part of the sidewalk. *Held*, that the obstruction was a nuisance, since the chest was habitually on the

sidewalk, and that the jury were not entitled to consider whether placing
it there was an incident reasonably necessary to the performance of the
contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
porations, § 1631.]

**2. SAME—STATUTORY PROVISION—CONSTRUCTION.**

Greater New York Charter, Laws 1901, p. 28, c. 466, § 50, providing that
the board of aldermen shall not have power to authorize the placing
or continuing of any obstruction upon any sidewalk, except the temporary
occupation thereof during the erection or repairing of a building on a lot
opposite the same, does not authorize city contractors to place a tool chest
on a sidewalk while repairing a sewer on the opposite side of the street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
porations, § 1631.]

Jenks and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Irene Warden, an infant, by her guardian ad litem, against
the city of New York and others. From a judgment for defendant,
and an order denying a new trial, plaintiff appeals. Reversed, and new
trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

Robert Stewart, for appellant.

James D. Bell, for respondent city of New York.

Theodore H. Lord, for respondents Murray and Stewart.

WOODWARD, J. The plaintiff in this action, a girl of 11 years
at the time of the accident, was seriously injured by running against
a projecting cover of a tool box used by the defendants Murray and
Stewart, contractors, while engaged in repairing certain sewers under
a contract with the city of New York. The action was tried on the
part of the plaintiff on the theory that the placing of this tool box
upon the sidewalk constituted an obstruction of the street amounting
to a public nuisance, and that the plaintiff, having suffered special dam-
ages, was entitled to recover, independently of any question of neg-
ligence. The pleadings justified this election, and the jury has found
in favor of the defendant. The principal questions involved in this
appeal relate to the charge of the court in connection with certain
rulings on the admission of evidence.

The contract, made in the usual form for such work, provided that
the contractors should supply "all the material and labor, and all the
scaffolding, tools, derricks, tackle, implements, and appliances neces-
sary or proper for the purpose," and to perform the work, and to "con-
struct and complete the above-described sewer and appurtenances, to-
gether with all the work incidental thereto, of the dimensions, in the
manner and under the conditions set forth in the specifications."
Among the conditions in the specifications was one that:

"Not more than 200 feet of trench shall be opened at any one time in ad-
vance of the complete building of the sewer, unless by written order of the
engineer, and for a distance therein specified."

And that:

"At all times the gutters shall be kept open for surface drainage, and the street and sidewalks shall be kept clear and free for the passage of carts, wagons, carriages, and street or steam railroad cars, or pedestrians, unless when otherwise authorized by special permission in writing from the engineer."

There is no pretense that the defendant contractors had any special permit to occupy the sidewalks for any purpose whatever. It is not pretended that the street where this accident occurred had been closed or blockaded; but it is admitted that it was held open for public use during the progress of this work. The sewer was being constructed on Pacific street, and the accident occurred near the corner of Carlton avenue, and the tool box, a chest some eight feet long, three feet wide, and five feet high, was placed upon the sidewalk on the south side of Pacific street, where the plaintiff was injured by running against a cover of a portion of this chest hanging out over the flagstone walk, where she was playing just at dusk on the 16th day of November, 1904. The sewer trench was being dug about eight feet from the curb on the north side of the street. The dirt from this sewer trench filled the eight feet of space between the curb and the trench, and encroached upon the north walk. One witness testifies that:

"There was no passageway whatever on the north side of Pacific street, on the sidewalk left by us. It was blocked off."

The material and brick and lumber and stuff were put on the south side of the trench, leaving a roadway about 12 feet wide between this material and the south curb. The tool chest in question had been placed upon the south sidewalk, between the curb and the flagging, which did not extend the full width, and the cover of a portion of this chest, when open, projected over the flagging; and it was here that the plaintiff was injured by running into the same while at play with some other girls of her own age. This chest had been in its then location for some little time, and the contractors claim the right to have it there upon the theory that it was reasonably necessary to have a tool chest, and that under their contract with the city, and a general permit to open the street for the purpose of performing their contract, their chest was lawfully upon the sidewalk, and that they are answerable only for negligence in connection with its use. Under the permit which is in evidence there is merely a general permission to open the street for the purposes of the work, and it is provided that the "engineer or inspector in charge will determine how much of the above-named streets the contractor may occupy," which is in harmony with the provisions of the contract and its specifications. The defendants do not show that they had any special permission to occupy the south sidewalk, or any part thereof, assuming that such permission might be given. Under their contract the sidewalks were to be kept clear and free, except by special permission in writing. Yet the evidence shows conclusively that they not only completely obstructed the street and sidewalk from a point 10 feet or more south of the north curb line, but that they crossed over the open roadway of some 12 feet and placed an obstruction upon the south sidewalk; and the learned court at the trial charged the jury, over the objection and exception of the plain-

tiff, that they had a right to consider whether, in the performance of this contract, it was reasonably necessary for those contractors to have upon the sidewalk this tool box, and that they had a right to consider whether the placing of this tool box there was an incident reasonably necessary to the performance of this contract. The court was requested to charge that, as the contract "specifically provides that the sidewalk shall be kept entirely free from obstructions, unless specially authorized in writing by the engineer, in the absence of any proof on the part of the defendants of any such special permission, this obstruction of the highway constitutes a nuisance." This request was refused, and exception was noted.

It seems to me that the charge, and this refusal to charge, constitute reversible error. It is no answer to the charge of nuisance that, even with the obstruction in the highway, there was room for pedestrians, nor that the obstruction itself is not a fixture. If it be permanently, or even habitually, in the highway, it is a nuisance. Cohen v. Mayor of New York, 113 N. Y. 532, 536, 21 N. E. 700, 4 L. .R. A. 406, 10 Am. St. Rep. 506. This tool chest was habitually in the highway. It was at a point which the defendants had stipulated should be free from obstructions, except under special permission, and no such special permission was shown. Under the case cited I am unable to understand how it can be held that the placing of this huge chest upon the south sidewalk, remote from the work under construction, did not constitute a public nuisance, practically so recognized under the contract, and the plaintiff was clearly entitled to have this charged.

It is urged on behalf of the city that it had a right to obstruct the sidewalk in connection with this work, and, by inference, that the charge of the learned court was correct, because its contractors had a right to do the things which the city might itself do. This right is claimed to grow out of the provisions of section 50 of the Greater New York charter (Laws 1901, p. 28, c. 466) by inference. The provision is that:

"The board of aldermen shall not have power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building on a lot opposite the same."

Just how this can help the defendants I am unable to understand. It would rather seem to sustain the plaintiff's position, under the rule that the expression of one thing necessarily excludes all others, and neither the city nor the other defendants occupy the position of abutting owners.

It seems to me entirely obvious that the placing of this chest upon the south sidewalk on Pacific street has no higher warrant of authority than would be the case if the same had been placed upon Carlton avenue. The defendants would, undoubtedly, have the right to place materials upon the ground, under the direction of the engineer or inspector as to the space which might be occupied for such purpose, under the city's undoubted right to occupy the street for the purpose of performing a public work; but to say that a contractor has the right to obstruct one sidewalk, in disregard of his contract, to take up more than half of the highway, and then, consulting his own convenience, to cross over the intervening way of 12 feet and place an obstruction

upon the south sidewalk, an obstruction which would concededly constitute a nuisance if placed upon any other street, is giving a license which the law does not justify. It disregards the interests of the public in the highway, and it ought not to be tolerated. It seems to me that the case of Cohen v. Mayor, supra, defining a nuisance, is, under the facts disclosed by this record, conclusive against the defendants, and that the case was presented to the jury under an erroneous statement of the law, which the plaintiff has a right to have corrected here. See Godfrey v. City of New York, 104 App. Div. 357, 93 N. Y. Supp. 899.

I think the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except JENKS and MILLER, JJ., who dissent.