(85 Misc. Rep. 6)

## CUILO v. NEW YORK EDISON CO.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. MUNICIPAL CORPORATIONS (§ 698*)—OBSTRUCTION OF STREET—COMPLAINT—SUFFICIENCY.

A complaint, alleging facts showing an obstruction of a city street rendering it dangerous and unfit for the use of the traveling public, will support a recovery as for a nuisance, though it does not characterize the obstruction as a nuisance, and contains all the allegations essential and appropriate to an action for negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1506; Dec. Dig. § 698.*]

2. MUNICIPAL CORPORATIONS (§ 692*)—OBSTRUCTION OF STREET.

An obstruction in a public street, rendering it dangerous and unfit for the use of the public, is prima facie an unlawful obstruction, and constitutes a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1493; Dec. Dig. § 692.*]

3. MUNICIPAL CORPORATIONS (§ 698*)—OBSTRUCTION OF STREET.

A tool cart and can of gasoline, placed in a street by a party who was lawfully doing work in the street, for the convenience and necessities of abutting owners, which work required tools and gasoline, and so placed as to leave room for traffic to pass in single file, was not a nuisance as a matter of law, since an obstruction serving some public necessity, temporary in nature and reasonable in degree, is not a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1506; Dec. Dig. § 698.*]

4. MUNICIPAL CORPORATIONS (§ 698*) — OBSTRUCTION OF STREET — ACTIONS — QUESTIONS OF LAW OR FACT.

Whether the obstruction of a street is a nuisance is a question of fact, unless the surrounding circumstances show conclusively that it was either unnecessary or unreasonable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1506; Dec. Dig. § 698.*]

5. NUISANCE (§ 76*)—EXPLOSIVES—GASOLINE.

Gasoline in a properly protected can, in a quantity not larger than that usually carried by an automobile, placed in the street for use in connection with work being done therein, was not a nuisance as a matter of law.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 185–188; Dec. Dig. § 76.*]

Appeal from City Court of New York, Trial Term.

Action by Patrick Cuilo against the New York Edison Company. From a judgment on a verdict for plaintiff, upon an assessment of damages by direction of the court, and from an order denying a new trial, defendant·appeals. Reversed and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Beardsley, Hemmens & Taylor, of New York City (Thomas H. Beardsley, of New York City, of counsel), for appellant.

J. Lester Fierman, of New York City (Henry S. Mansfield, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought an action for damages suffered by the collision of an automobile owned by him with a tool cart belonging to the defendant, under which was standing a can of gasoline. It was shown at the trial by the defendant that the accident occurred about half past 3 in the morning. At that time the plaintiff's automobile was proceeding in a lawful manner through Forty-Seventh street. Near the intersection of that street with Sixth avenue, the Consolidated Telegraph & Subway Company was digging a trench on the south side of the street for the purpose of installing conduits for the reception of electric wires. At the same time the defendant was engaged in making temporary connections with the houses on the street by means of electric wires strung along the street. For this purpose it required tools and gasoline. It stored these tools in a cart placed against the curb on the north side of the street, and left the can of gasoline under the cart. Between this cart and the trench on the opposite side of the street there was an open space sufficient to allow the passage of a single automobile. The trench and the cart were properly marked by lamps, and the gasoline was contained in a patent receptacle, which repeated tests had shown to be proof against leakage or explosion, either by concussion or fire. The defendant's workmen were, at the time of the accident, actually engaged in the prosecution of defendant's work, and some of the workmen were at that time about to go home, having finished their work for the night. The plaintiff's chauffeur was proceeding through the passageway between the cart and the trench when an automobile coming up Sixth avenue attempted to turn into the same space. The plaintiff's chauffeur thereupon attempted to back up, and in so doing collided with the tool cart. The force of the collision broke the rear lamp on plaintiff's car, and also flattened out the can of gasoline under the cart. The flame from the lamp caused an ignition of gasoline. Except by inference there is no proof whether the gasoline which ignited came from the defendant's gasoline can, or from the gasoline tank of plaintiff's car. Upon this proof the trial justice directed a verdict in favor of the plaintiff on the theory that the defendant's cart and gasoline tank were an unlawful obstruction of a public street, and therefore constituted a nuisance as a matter of law. The defendant now appeals from this judgment, urging: First, that the complaint is based on negligence, and not on nuisance; and, second, that even if the complaint was based on nuisance, the evidence presented by the defendant raised at least a question of fact for the jury.

[1] The complaint undoubtedly contains all the allegations essential and appropriate to an action for negligence, and nowhere contains any direct allegation of nuisance. In the case of Uggla v. Brokaw, 117 App. Div. 586, at page 591, 102 N. Y. Supp. 857, 861, the court said:

"It is not necessary to *expressly* charge that the defendant created or maintained a nuisance (citing cases). Under our system of pleading, if the essen-

tial facts are stated, it is not imperatively required that they should be characterized, although it is better to characterize them, for that tends to remove doubt as to the pleader's theory. In some instances, as already observed, a recovery may be had upon either theory, and the difference between nuisance and negligence is not very plainly marked. A structure or business may be lawful, and yet become a nuisance through negligence in the maintenance or use thereof. See Dunsbach v. Hollister, 49 Hun, 352 [2 N. Y. Supp. 94], affirmed 132 N. Y. 602 [30 N. E. 1152]; Clifford v. Dam, 81 N. Y. 52."

In this case the plaintiff alleges that the defendant—

" * * * left a tool cart belonging to the defendant in front of premises 103 W. Forty-Seventh street in said city, under which was standing a can of gasoline, without proper and suitable lights, signals, guards, and coverings, thus rendering the highway in front of said premises in a dangerous and unfit condition for the use of the traveling public."

[2] The gravamen of the complaint, therefore, as I view it, is an obstruction of the public street, rendering it in a dangerous and unfit condition for the use of the public. An obstruction in the city street, rendering it dangerous and unfit for the use of the traveling public, is prima facie an unlawful obstruction and in itself constitutes a nuisance, and the complaint, therefore, sets forth a cause of action if the acts alleged and summarized by the word "thus" are sufficient to bear out the conclusion of the pleader. These acts, so far as material, are that the defendant left a tool cart with a can of gasoline under it standing in a public street, without proper and suitable lights and signals.

[3, 4] If the mere fact of the leaving of the tool cart and can of gasoline is in itself prima facie an unlawful obstruction, then I think that the trial justice correctly held that the allegations of failure to provide proper guards and signals may be disregarded until the defendant has affirmatively shown that the leaving of the cart and gasoline was in this case a lawful act which would become a nuisance only through negligence. See Berger v. Content, 47 Misc. Rep. 390, 94 N. Y. Supp. 12; Clifford v. Dam, 81 N. Y. 52.

It seems to me, however, that the trial judge erred in holding that the cart and gasoline can constituted a nuisance as a matter of law. In the case of Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831, the Court of Appeals said:

. "The primary purpose of streets is use by the public for travel and transportation, and the general rule is that any obstruction of a street or encroachment thereon which interferes with such use is a public nuisance. But there are exceptions to the general rule, born of necessity and justified by public convenience. * * * But all such interruptions and obstructions of streets must be justified by necessity. It is not sufficient, however, that the obstructions are necessary with reference to the business of him who erects and maintains them. They must also be reasonable with reference to the rights of the public who have interests in the streets which may not be sacrificed or disregarded. Whether an obstruction in the street is necessary and reasonable must generally be a question of fact to be determined upon the evidence relating thereto."

The authority of this case has never been questioned, and the rule has always been applied that when an obstruction of a street serves some public necessity, is temporary in its nature, and reasonable in degree, it does not constitute a nuisance, and that unless the surrounding circumstances show conclusively that the obstruction was either

unnecessary or unreasonable, the question of whether it constitutes a nuisance is a question of fact. In this case the evidence shows that, even with the cart in the street, room was left for traffic to pass in single file, that the defendant was lawfully doing work at the time on the street for the convenience and necessities of the abutting owners, and that in the prosecution of such work it required tools and gasoline; and, upon this evidence, it seems to me quite clear that the court could not say that the present obstruction during the pendency of the work constituted a nuisance as a matter of law. The authorities cited by the plaintiff are entirely consistent with this view. In the case of Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, the court expressly recognizes the rule as stated in Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831, but held that where a grocer used the street every night to store his wagons used in his private business, he necessarily unreasonably interferes with the public convenience. In Warden v. City of New York, 123 App. Div. 733, 108 N. Y. Supp. 305, the court showed that the contractor had in his contract agreed not to obstruct the sidewalk in his work, and the surrounding circumstances were such that the jury were bound to find that the obstruction was both unreasonable and unnecessary.

[5] The plaintiff further urges that the presence of an explosive like gasoline in the street is of itself so manifestly a source of danger that its presence in itself constitutes a nuisance. The evidence, however, shows that the gasoline was so protected that it was not explosive, and clearly raised a question of fact as to whether its presence on the street was unreasonable. Since every automobile using the streets must carry a considerable amount of gasoline, it would certainly seem unreasonable to hold that the mere presence of a similar quantity in a properly protected can on the street for use in work done on the street constitutes a nuisance as a matter of law.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.