THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM MANN, Appellant.

Argued January 18, 1943; decided March 4, 1943.

*J. Francis Hayden, Charles E. Powers* and *Timothy J. Shea, Jr.,* for appellant.

*William C. Chanler, Corporation Counsel (Charles F. Murphy and Paxton Blair* of counsel), for respondent.

LEHMAN, Ch. J.   The defendant was stopped by a police officer while driving an automobile " tow-truck " on Henry Hudson parkway near 95th street in the city of New York and was charged with violation of section 41, subdivision a-1; section 49, subdivisions a and b; and section 53, subdivisions d and e, of the Rules and Regulations of the Department of Parks.

The city does not dispute that in this case the defendant had received a call to go with a towing car to 95th street and Hudson parkway, and that the defendant entered the parkway at 96th street and was proceeding to answer the call.   The defendant so informed the police officer at the time he was stopped, and though the city of New York does not expressly concede that such a call was given, both parties agreed that they were submitting to the court only the question of law whether the defendant had a right to operate his towing truck on the parkway at the point where he was arrested.

The Rules and Regulations established by the Park Commissioner pursuant to authority vested in him under the New York City Charter (1938) contain general prohibitions against the use of the parkways by commercial or business vehicles, and no unlicensed business may be carried on upon the parkways (§§ 41 and 53).   Under a literal construction of these sections of the Rules and Regulations, the operation by the defendant of a " tow-truck " is prohibited.   Those sections

must, however, be read in conjunction with section 49, subdivisions a and b, which read:

" Section 49. Towing and Projecting Articles.

" a. No person shall cause or permit a vehicle to be towed by another vehicle, in any park except that, in case of breakdown a disabled vehicle may be towed to the nearest exit.

" b. No person shall operate or drive in any park a vehicle containing any person or object projecting or hanging outside or on the top thereof."

The provision in subdivision a that " in case of breakdown a disabled vehicle may be towed to the nearest exit " includes by necessary implication permission for the operation of a towing truck to and from the nearest exit and subdivision b does not serve to negative that implication.

The Department of Parks has made a contract with Tidewater Oil Company to maintain gasoline stations on the parkway for the convenience of the public. It has required that the Oil Company should provide also towing service for the convenience of the public. A subcontractor of the Oil Company maintains a patrol for towing service on the east and west lanes of the parkway with two cars bearing the Park Department insignia. Reasonable rates for towing service have been fixed by the Park Department, and the trucks of the towing company have signs stating these rates. The city contends that the Park Department has power to provide such service and since it has made provision for towing service by a single contractor chosen for that purpose, no permission for other towing cars to operate from and to the nearest entrance is necessarily implied in the section 49 of the Park Regulations. We do not now decide whether the Park Department has power to grant an exclusive contract for towing service on the parkway and to exclude from the parkway all towing trucks not belonging to the contractor selected by the department. If it has such power, the exclusion should be express and in unambiguous terms. Nowhere in the Park Regulations do we find language indicating that persons who are permitted by section 49, subdivision a to cause their cars to be towed " by another vehicle " to the nearest exit may not call a towing car, or that a person engaged in the business of towing and

repairing disabled automobiles, may not when called operate a towing truck for that purpose to and from the nearest exit.

The judgments should be reversed and the information dismissed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.