THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v.* WALTER LA FRANTZ, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, April 21, 1947.

990

*Charles E. Powers* for appellant.

*Charles E. Murphy, Corporation Counsel (Seymour B. Quel and Henry J. Shields* of counsel), for respondent.

DE LUCA, Ch. J.   The appellant herein was convicted of a violation of subdivisions d, e and f, of section 53, and subdivisions (a) and (b) of section 49 of the Rules and Regulations of the Department of Parks of the City of New York, in that he operated a tow truck on the Henry Hudson Parkway without a permit for that purpose from the Park Commissioner. On the occasion in question the appellant was on the parkway pursuant to a request from the Automobile Club to provide towing service to a club member whose automobile had become disabled on the parkway.

This is the second appeal to this court in this case. On the first appeal the judgment was reversed and a new trial ordered for the purpose of obtaining in the record, if possible, the experience of the park authorities in the operation of the parkway and the conditions which impelled the enactment of the regulations involved, so that their reasonableness might be determined in the light of the problems disclosed by such new evidence.

It appears that the Park Commissioner has made a contract with the Esso Corporation to operate and maintain gas stations on the parkway. As part of this contract the Esso Corporation has agreed to furnish towing service on the parkway by a licensed tow truck operator or operators approved by the commissioner. These tow trucks carry the insignia of the Park Department and patrol the parkway for emergency use and service in the speedy removal of disabled cars.

The question on this appeal is whether the Park Commissioner has the power to grant such an exclusive contract for

towing service on the parkway and, by regulation, to exclude therefrom all other tow trucks.

The same question was before the Court of Appeals in *People* v. *Mann* (290 N. Y. 89) wherein it was held that the power sought to be enforced by the Park Commissioner was not clearly and unambiguously expressed in the rules and regulations as they then read. On that ground the conviction therein was reversed, the court leaving open for future decision the question which is now before the court.

Since the *Mann* case (*supra*) was decided, the Rules and Regulations of the Park Department have been amended so that now the pertinent provisions read as follows:

" Section 49. *Towing and Projecting Articles.* (a) No person shall cause or permit a vehicle to be towed by another vehicle, in any park except that, in case of breakdown a disabled vehicle may be towed to the nearest exit. On parkways where towing services are provided under permit of the Commissioner of Parks towing shall be done only as provided in Section 53f of these regulations."

" Section 53. *Parkways.* * * * (f) On Grand Central Parkway, Interboro, Whitestone, Cross Island, Laurelton, Southern, Shore, Gowanus and Henry Hudson Parkways, no person shall cause or permit a vehicle to be towed except that in case of a breakdown a disabled vehicle may be towed to the nearest exit by a tow truck under permit issued by the Commissioner of Parks and only by such tow truck."

The purpose of these regulations is to forbid all towing by any type of vehicle, with the sole exception that a disabled vehicle may be towed to the nearest exit but only by a tow truck under permit of the commissioner.

In challenging the validity of the regulations, appellant relies mainly upon section 54 of the Vehicle and Traffic Law which prohibits local authorities from passing any ordinance, rule or regulation restricting the free use of the public highways by motor vehicle owners, operators or chauffeurs but which contains the following proviso: " * * * provided, however, * * * that local authorities * * * may by general rule, ordinance or regulation exclude motor vehicles and motor cycles used solely for commercial purposes from any park or part of a park system where such general rule, ordinance or regulation is applicable equally and generally to all other vehicles used for the same purpose * * *."

Both parties on this appeal have assumed that tow trucks are included within the meaning of the term " commercial "

vehicles as used in the proviso just quoted. Appellant maintains that the regulations of the Park Commissioner violate the terms of this proviso and constitute a violation of the equal-protection-of-the-laws provisions of section 11 of article I of our State Constitution and the Fourteenth Amendment of the Constitution of the United States.

The Park Commissioner is invested with the care, management and maintenance of all parks and parkways for the beneficial uses of the people of the city and the power to establish rules and regulations for the government and protection of public parks and of all property under his charge or control, which rules and regulations shall have the force and effect of law. Violations thereof are punishable by not more than thirty days' imprisonment or by a fine of not more than $50 or by both. (New York City Charter [1938], § 532, subds. 1, 3; § 534.)

Pursuant to these powers the Park Commissioner has established regulations prohibiting business vehicles of all kinds from using the parkways and preventing business of any kind from being conducted on the right of way of such parkways. Also by regulation the use of the parkways is restricted to automobiles classed as pleasure vehicles and, in order to provide for the maximum use of such parkways and to preserve life and limb, pedestrians, riders and drivers of horses, bicycles and scooters are forbidden the use of such parkways. (Rules and Regulations, § 53, subds. d, e.)

The City Charter places in the immediate charge of the Park Commissioner the control and disposition of such members of the city's police force as may be assigned for duty in the parks, parkways and public places subject to his jurisdiction. (§ 532, subd. 10.) In a practical way, the Police Commissioner has recognized the special authority of the Park Commissioner over the localities subject to the latter's jurisdiction by omitting from the traffic regulations adopted by him any provisions with respect to the operation of vehicles on parkways. More particularly, the police regulations regarding tow trucks which are licensed by the Police Commissioner pursuant to the provisions of the Administrative Code are restricted in their application to streets and bridges, obviously leaving to the Park Commissioner the regulation of these vehicles on the parkways of the city. It is quite evident that the Park Commissioner's powers with regard to the management and control of parks and parkways are exceedingly broad and extensive. Indeed, they have been described as proprietary in character. (*People* v. *County of Westchester*, 282 N. Y. 224, 236.)

The Henry Hudson Parkway extends from 72d Street to the city line on the north. It is a double two-lane and in some places three-lane express highway and parkway system through New York City connecting with parkways and arteries of traffic outside the city. It is a matter of common knowledge and observation that the traffic on this parkway is very heavy and fast-moving on Saturdays, Sundays and holidays and during a substantial portion of other days and that the disabling of a vehicle in one of the lanes during such times causes a tremendous congestion for miles, thereby increasing the hazards of the road. In that situation it becomes the responsibility and duty of the park authorities to devise ways and means to avoid congestion for long periods and reduce interference with moving traffic to a minimum. These obligations go with management and control.

Officials of the Park Department testified that tow service was furnished by the department in the years 1936 and 1937 but was thereafter abandoned in favor of the present plan; that there have been occasions when there were too many tow trucks on the parkway and when rival tow truck operators have competed on the scene for prospective clients, thereby impeding traffic; that there have been complaints regarding overcharging by unscrupulous persons operating tow trucks; that to exercise proper control the number of tow truck operators should be limited and that experience has shown the most practical way is to restrict service to one permittee; and that proper control of the towing service will prevent abuses and assure the public courteous, efficient and reasonable service.

The action of the Park Commissioner in establishing the regulations was in effect a determination by him that the proper management of the parkway required provision to be made for the towing of cars and that the method devised was for the best interests and safety of the public in the use of the parkway. No showing has been made that the service provided is inadequate and that the regulations are unreasonable on that ground. We believe them to be reasonable. The presumption is in favor of their legality. (*People* v. *Shellenberg,* 133 App. Div. 79.)

It has been held that gasoline stations may be erected by park authorities as an incident to management and control, although no statute expressly authorizes it. (*Anderson* v. *Taconic State Park Commission,* 262 App. Div. 892, affd. 287 N. Y. 668; *Blank* v. *Browne,* 217 App. Div. 624.) The provision for towing service does not constitute an unreasonable extension of these incidental

powers. In our opinion, the Park Commissioner could himself furnish towing service and at the same time exclude others from the use of the parkway for that purpose without violating section 54 of the Vehicle and Traffic Law. Should that be so, it follows that he could delegate that service to be performed by others. (*Blank* v. *Browne, supra.*)

Public towing for hire is a business and the use of streets for business purposes is a privilege and not a right. The primary purpose of streets is use by the public for traffic and transportation. (*Callanan* v. *Gilman,* 107 N. Y. 360, 365.) Use for purposes of gain may be prohibited or regulated by the legislative authority granting the privilege. The Park Commissioner unquestionably has the power to exclude all tow trucks from the parkway and by his regulations has virtually done so. Assuming as we do that he has the power as an incident to management and control, under the conditions existing on the parkway, to contract for towing service in the manner described, appellant and others similarly situated cannot be heard to complain that they were not selected for that purpose. It is a privilege which may be granted to one and denied to others just like any other concession which is within the Park Commissioner's power to grant. In view of the foregoing considerations we conclude that the action of the Park Commissioner in the instant case does not contravene section 54 of the Vehicle and Traffic Law and does not constitute a denial of the equal-protection-of-the-laws provisions of the State and Federal Constitutions.

One other contention raised by the appellant should now be considered briefly. He asserts that the rules and regulations are in conflict with the provisions of section 436–7.0 of the Administrative Code of the City of New York which regulates licensed tow cars and which, among other things, makes it unlawful for any owner or driver of a tow car to refuse to render towing service to the owner or driver of any disabled motor vehicle. This provision of the Administrative Code is in the interest of the car owner so that he may get prompt and reasonable towing service at proper prices. It cannot be considered as conferring a right to a tow truck owner or operator to go where he is lawfully forbidden to enter. This is implicit in the interpretation of the statute.

Accordingly, the judgment should be affirmed.

HOFMANN and PAIGE, JJ., concur.

Judgment affirmed.